**From:** **Harrison Penn** hpenn@mccarthy-lawfirm.com
**Subject:** Fwd: Watertech - Attachment Motion
**Date:** August 21, 2020 at 8:18 PM
**To:** Mary Caskey  mcaskey@hsblawfirm.com



W. Harrison Penn, Esq.
McCarthy, Reynolds, & Penn, LLC
1517 Laurel Street (29201)
P.O. Box 11332
Columbia, SC 29211-1332
Phone:  (803) 771-8836 (office)
              (803) 451-2270 (direct)
Fax:  (803) 753-6960
E-Mail: hpenn@mccarthy-lawfirm.com

> Begin forwarded message:
>
> **From:** Bill McCarthy <bmccarthy@mccarthy-lawfirm.com>
> **Subject: Re: Watertech - Attachment Motion**
> **Date:** August 21, 2020 at 7:41:38 PM EDT
> **To:** David Haller <dhaller@hallerlawfirm.com>
> **Cc:** Harrison Penn <hpenn@mccarthy-lawfirm.com>, Stan McGuffin <smcguffin@hsblawfirm.com>
>
> David
>
> Alas we disagree.
> And I don't need to produce a basis for my position.  You however may want to consult your bankruptcy co counsel before pursuing this matter further.
>
> Sent from my iPhone
>
>> On Aug 21, 2020, at 6:30 PM, David Haller <dhaller@hallerlawfirm.com> wrote:
>>
>> Bill:
>>
>> Nice to meet you. Thanks for a spirited Friday discussion!
>>
>>  I think you misunderstand the nature of our motion.  The motion for attachment is directed to the funds ONLY IF the bankruptcy court does not order them applied to the Watertech assets or otherwise. If PureCycle's bid is not allowed, what are you going to do with the money? Return it to them, right?  So, after the bankruptcy court is done with it and before you return it, we claim rights to it under South Carolina's attachment statute. You are now on notice of that claim.
>>
>> If you have some law that says the bankruptcy court has subject matter jurisdiction over state law contract claims and remedies not involving the debtor, please provide that to me.
>>
>> Best,
>>
>> David
>> David K. Haller
>> 843-224-7860
>> Sent from my iPhone
>> Please excuse typos and incomprehensible autocorrects.
>>
>>
>> THIS COMMUNICATION CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT OR BOTH.  PLEASE REPORT ANY MISDIRECTED COMMUNICATIONS TO THE SENDER.
>>
>>> On Aug 21, 2020, at 5:17 PM, Bill McCarthy <bmccarthy@mccarthy-lawfirm.com> wrote:
>>>
>>> David
>>>
>>> I regret we appear to disagree but the bankruptcy court is the sole forum for deciding what to do with the Purecycle (0r the WAAG) dollars deposited wtih  my firm and your effort to repeat anything contrary doesn't change that.  I note you have copied Stan McGuffin and perhaps you should let him speak on that point.
>>> i read your latest email as an attempt to evade the issue we raised.  But thanks for taking the time to reply.
>>>
>>>
>>> --

G. William McCarthy, Jr., Esq.
McCarthy, Reynolds, & Penn, LLC
1517 Laurel Street (29201)
P.O. Box 11332
Columbia, SC 29211-1332
Phone:  (803) 771-8836 ext 1
Direct: (803) 343-1000
Fax: (803) 753-6960
E-Mail: bmccarthy@mccarthy-lawfirm.com

> On Aug 21, 2020, at 2:43 PM, David K. Haller <dhaller@hallerlawfirm.com> wrote:
>
> Harrison:
>
> Someone has lead you to believe that the TRO interferes with the bankruptcy court's jurisdiction.  This is a red herring to excuse breaches of certain agreements that have nothing to do with the Debtor and is not true.  Only one portion of the TRO has anything remotely to do with bankruptcy.  The TRO simply puts in order form between my clients and the defendants in the state case what those parties already agreed between them.   Those Agreements predate PureCycle's bid in the bankruptcy court.  The Agreements provide, among other things, that the parties agree to an injunction to protect the confidentiality of certain information.  If PureCycle is determined to be the proper bidder, the bankruptcy court can approve that sale.  PureCycle then has to elect whether to complete the sale, and face the consequences of breaching the contract in that way.  Those consequences, however, were remedies my clients had the moment PureCycle's members elected to breach those Agreements. PureCycle, as a sophisticated party, knew or should have known of those risks when they began their scheme and entered their bid.  Those consequences do not go away simply because they carried their breach into the bankruptcy court.  If anything, you, the Debtor and the court have been used as pawns by PureCycle to avoid their contractual obligations to my clients.  In fact, we have this afternoon asked the circuit court to modify its order to ensure it is clear the intent is not to interfere with the bankruptcy court's jurisdiction.  My clients are victims here; please do not blame the victims trying to protect themselves.
>
> As for the funds held in trust, I direct your attention to Rule 1.15(e) of the South Carolina Rules of Professional Conduct.  You are on notice of our claim IF the bankruptcy court cancels for any reason PureCycle's bid or the sale as a whole.  If the bankruptcy court approves the sale to PureCycle and it elects to complete the bid, you would be entitled to apply the funds to Watertech's debts.  If the court decides something else, we claim an interest in those funds.  My clients reserve all rights.
>
> I am happy to discuss this further, but I believe this clarifies our position.
>
> Best,
>
> David
>
> <header_logo1.png>
> **David K. Haller**
> 604 Savannah Highway, Charleston, South Carolina 29407
> 843-224-7860
> www.dhallerlawfirm.com
>
> Martindale-Hubbell A-V Rated
> Platinum Client Champion by Martindale-Hubbell
> Charleston Business Magazine Legal Elite- Business Litigation 2018, 2019, 2020
>
> Please note that the information contained in this e-mail does not create an attorney client relationship.  An attorney-client relationship is not established until a signed agreement is made between the attorney and prospective client.  Nevertheless, the information contained in this e-mail transmission is legally privileged and confidential.  It is intended for the use of the individual or company to whom it is directed. If the receiver of this e-mail is not the intended recipient, you are hereby notified that no privilege is waived by virtue of your inadvertent receipt and that any distribution or copying of this e-mail is strictly prohibited by both State and Federal communications laws.  If you have received this e-mail in error, please delete any and all copies of the same from any media to which it may have been stored and destroy any hard copies which may have been generated.  This firm does not give tax advice of any kind.
>
>
>> On Aug 21, 2020, at 12:10 PM, Harrison Penn <hpenn@mccarthy-lawfirm.com> wrote:

David,

Thanks for reaching out.  In a chapter 11, the Debtor in Possession has a primary obligation, and a fiduciary duty, to maximize the distribution so that allowed creditor claims are paid the highest amount.  To fulfillment of that obligation, Watertech moved for a sale under § 363 of the Bankruptcy Code.

WAAG was an important participant in that process and deserves a triple compliment for it's involvement.  First, for being the stalking horse bidder.  The revised stalking horse bid was for $250k, against scheduled and filed claims of @ $2.2 million.  Second, once PureCycle had appeared with it's "late bid" which was otherwise compliant with the Bid Procedures Order, for engaging in spirited bidding and doubling it's stalking horse bid up to $500k, still against claims of $2.2 MM.  Third, after Purecycle had outbid it, albeit it by a small amount, for fully funding it's $500k bid and seeking for that bid to be accepted as a late backup bid.

The Bankruptcy Court has  entered its lengthy and detailed Order approving the sale to PureCycle for $525k and waiver of the Pobiak claim. WAAG has filed a Motion to Reconsider and requested a consent not to close pending consideration of its Motion.  The Debtor has already agreed not to close until after Judge Waites has ruled on the WAAG's Motion.

Where the Debtor thinks WAAG has gone wrong and violated the automatic stay is its attempt to usurp the power of the Bankruptcy Court and prevent a sale to the highest and best bidder.  On the one hand you ask Judge Waites to think again and now rule that your $500k bid is best and should be approved.  On the other hand, you say that he doesn't really have the authority to make a ruling to the contrary because you have already gone to another forum and gotten an order taking the decision out of his hands.  That's the violation of the stay in our opinion.  Luckily you don't have to depend on us, WAAG has three different bankruptcy attorneys with which it has consulted.  Talk to Sean or Stan or to Ivan.  If they agree with us, follow their advice.  If they don't agree with us, let us know.  We'll be prepared to step into your case, for the limited purpose of discussing bankruptcy jurisdiction.  We'll also be prepared to tell Judge Waites about this exchange of views.

Finally, we courteously decline to allow you any direction over funding from PureCycle or from WAAG.  Any such effort on your part would be another and separate violation of the stay.

Best regards,

Harrison

W. Harrison Penn, Esq.
McCarthy, Reynolds, & Penn, LLC
1517 Laurel Street (29201)
P.O. Box 11332
Columbia, SC 29211-1332
Phone:  (803) 771-8836 (office)
        (803) 451-2270 (direct)
Fax:  (803) 753-6960
E-Mail: hpenn@mccarthy-lawfirm.com

> On Aug 20, 2020, at 5:13 PM, David Haller <dhaller@hallerlawfirm.com> wrote:
>
> Mr. Penn:
>
> Somehow you have my email, I assume from the lawyers directory, so you could have directed this to me.
>
> Please provide additional information on your position below so we can analyze it.
>
> In addition, please allow this email to serve notice that, if the bankruptcy court gives up jurisdiction over the funds deposited by PureCycle, my clients claim an interest in the funds PureCycle deposited in your trust account. Do not disburse the funds without our approval or court order.
>
> David K. Haller
> 843-224-7860
> Sent from my iPhone
> Please excuse typos and incomprehensible autocorrects.
>
>
> THIS COMMUNICATION CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT OR BOTH.  PLEASE REPORT ANY MISDIRECTED COMMUNICATIONS TO THE SENDER.
>
>> On Aug 20, 2020, at 4:53 PM, Harrison Penn <hpenn@mccarthy-lawfirm.com> wrote:
>>
>> Stan,

Please have your client instruct state court counsel to withdraw the attached pleading and dissolve the TRO.  As it currently stands they are violations of the Debtor's automatic stay provided by operation of the Bankruptcy Code.  If your client does not dissolve the TRO and withdraw the attachment motion, by close of business tomorrow, it is forcing the Debtor to appear in Circuit Court and defend itself, thereby causing the Debtor and Bankruptcy Estate to incur damages.

Thank you,

Harrison

W. Harrison Penn, Esq.
McCarthy, Reynolds, & Penn, LLC
1517 Laurel Street (29201)
P.O. Box 11332
Columbia, SC 29211-1332
Phone:  (803) 771-8836 (office)
            (803) 451-2270 (direct)
Fax:  (803) 753-6960
E-Mail: hpenn@mccarthy-lawfirm.com


<Motion for Attachment.pdf>